IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALAN GILKERSON,

    Plaintiff,

vs.                                                            CASE NO. 4:07CV25-WS/AK

MR. WORTHEY, et al,

    Defendants.

                           /

## O R D E R

This cause is before the court upon Plaintiff's filing of a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and an application for leave to proceed *in forma pauperis* (IFP). (Doc. 9). Leave to so proceed has been granted in a separate order. (Doc. 11).

Plaintiff alleges that he was seriously injured in December 2006 after a wheelbarrow rim he was working on at the direction of Officer Worthey exploded and severed his right thumb. (Doc. 1, p. 7). Plaintiff contends generally that Officer Worthey was deliberately indifferent to his safety needs when he told him to poke the tube through the rim. Although Plaintiff names as defendants Warden Schlof and Assistant

Wardens Sloan and Long, he does not identify any actions or inactions taken by these three persons that affected his civil rights. If Plaintiff is naming these persons only because they had some supervisory authority, he should delete them as defendants because supervisory personnel cannot be held vicariously liable for the actions of their subordinates, but may be independently liable if a reasonable person in the supervisor's position would have known that his conduct infringed the Plaintiff's rights and the supervisor's conduct was causally related to the subordinate's constitutional violation. Greason v. Kemp, 891 F.2d 829, 836 (11th Cir. 1990); McKinney v. DeKalb County, 997 F.2d 1440, 1443 (11th Cir. 1993). From a reading of the complaint, the only person who took action resulting in the injury complained of is Officer Worthey and as such he should be the only defendant named in this cause.

Further, Plaintiff states that he has not exhausted the administrative grievance process because he feared retaliation. He is advised that this may result in the dismissal of his lawsuit later in these proceedings and he should make efforts to seek administrative remedy since fear of retaliation does not excuse the requirement to exhaust such remedies.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the

**No. 4:07cv25-ws/ak**

form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See, e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints. An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint in the Court and keep one identical copy for himself. Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **May 21, 2007.**

3. **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**No. 4:07cv25-ws/ak**

**DONE AND ORDERED** this <u>*8th*</u> day of May, 2007.

<pre>
                              <u>*s/ A. KORNBLUM*                  </u>
                              **ALLAN KORNBLUM**
                              **UNITED STATES MAGISTRATE JUDGE**
</pre>

**No. 4:07cv25-ws/ak**