**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ALAN LEE GILKERSON,**

    **Plaintiff,**

**vs.**                                                           **CASE NO. 4:07CV25-WS/AK**

**OFFICER BERT WORTHEY,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 alleging that Defendant, a correctional officer at Franklin Correctional Institution, was deliberately indifferent to his safety needs resulting in injury. (Doc. 23). Defendant has filed a motion for summary judgment (doc. 46), discovery was exchanged, (docs. 52, 53, 62), and Plaintiff has responded. (Doc. 55).

**I.  Allegations of the Second Amended Complaint (doc. 23)**

Plaintiff alleges that he was working at Franklin Correctional Institution when Defendant Worthey ordered him to put a heavy duty tire on a wheel barrow rim, which exploded when Plaintiff aired it up, blowing half his thumb off. Plaintiff alleges that he has limited use of his thumb, suffers from chronic pain, and seeks compensation for his injury, as well as training and a GED so he can learn a new trade.

### II.  Standard of Review

A district court should grant summary judgment when, "after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of that party's case." Nolen v. Boca Raton Community Hospital, Inc., 373 F.3d 1151, 1154 (11th Cr. 2004), *citing* Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).  All issues of material fact should be resolved in favor of the Plaintiff or non-moving party before the Court determines the legal question of whether the defendant is entitled to judgment as a matter of law under that version of the facts. Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003); Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002).  The Plaintiff has the burden to come forward with evidentiary material demonstrating a genuine issue of fact for trial. Celotex, 477 U.S. at 322-23.  Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient.  There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof. Anderson v. Liberty Lobby, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).  "For factual issues to be considered genuine, they must have a real basis in the record." Mize v. Jefferson City Board of Education, 93 F.3d 739, 742 (11th Cir. 1996).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v.

**No. 4:07cv25-WS/AK**

Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)).  The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c).  Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

While a moving party is not required to support his motion for summary judgment with affidavits, Celotex, supra at 323, the facts stated in uncontradicted affidavits or other evidentiary materials must be accepted as true for purposes of summary judgment.  Gauck v. Meleski, 346 F.2d 433, 436 (5th Cir. 1965).

**III.    Defendant's Rule 56(e) evidence (docs. 46 and 48)**

    a)    Incident Report dated 12/01/2006

On 12/01/06 at 9:10 a.m. while assigned as pole barn officer, Inmate Frey, Corey, DC#Q16399 and Inmate Gilkerson, Alan, DC#112536 while changing a tire on a year and a half old Jackson wheel barrell [sic] they had already replaced the tire and was airing the tire up and the rim separated from the tire causing it to explode.  The rim separated into and hit Inmate Frey, Corey in the forehead and Inmate Gilkerson, Alan cut his right thumb.  Supervisor was notified.  Pictures were taken by Major William Watson.  Area was secured until Safety Sgt. R. Harden returns.  The air compressor cuts off at 110 pounds of pressure.

Both Inmate Frey and Inmate Gilkerson were transported to Tallahassee Memorial Hospital via EMS and departed the institution at 10:15 a.m.  Emergency action center duty Officer Lassiter was notified of this incident.  First report of injury documentation will be completed.  Duty Warden Major W. Watson was notified of this incident.

**No. 4:07cv25-WS/AK**

b) <u>Bureau of State Investigations Case Summary</u>

On 12-01-06, at approximately 9:10 a.m. while working in the pole barn to repair equipment assigned to inside grounds, Inmate Frey, Corey DC#Q16399 and Inmate Gilkerson, Alan DC#112536, were changing a tire on a Jackson wheel barrow. They had already replaced the tire and were airing the tire up when the rim separated into two pieces with the pieces hitting Inmate Frey in the forhead [sic] and Inmate Gilkerson on the right hand. Both inmates were transported by ambulance to Tallahassee Memorial Hospital for Emergency Treatment.

Disposition: Facts known. No I.G. invest. issues.

Witnesses: McDaniel, Shawn (Active Inmate) Q00460
  Martin, Dennis (Active Inmate) U10592
  Griffis, David (Active Inmate) 607331
  Lombardi, Christopher (Active Inmate) 998888

c) <u>Affidavit of Bert Worthey</u>

Defendant attests that he had Plaintiff remove a tubeless tire from the rim of a wheel barrow and gave him detailed instructions for removing, mounting, and airing up the replacement tire. When Plaintiff had difficulty sealing the tire, Defendant helped him finish sealing it, and then instructed Plaintiff to put 30 pounds of air in the tire. He asked if Plaintiff understood his instructions, and Plaintiff said, "I got it." Plaintiff then put over 90 pounds of air in the tire and it exploded. Inmate Griffis, who was present when the tire exploded, told investigators that Plaintiff told him that he had put 90 pounds of air in the tire. Defendant attests that the accident would not likely have happened if Plaintiff had followed his instructions.

**No. 4:07cv25-WS/AK**

d)     <u>Affidavit of Rebecca Padgham</u>

Ms. Padgham attests that she is Management Analyst with the Bureau of Inmate Grievance Appeals in Tallahassee, Florida, and she reviewed Plaintiff's grievance file and found that he "did not file an appeal to Central Office around December 1, 2006 regarding an accident."

## IV.     Plaintiff's response (doc. 55)

a)     <u>Affidavit of Plaintiff</u>

Plaintiff attests that he and Inmate Corey Frey were ordered to fix a flat wheel barrow tire and the only instructions given to them were "to fix the tire by putting an airless valve system on the rim and not to take the tube out of the rim." Plaintiff asked Defendant about the old tube, but was told to poke it back into the tire, it would not hurt anything. Plaintiff attests that Defendant Worthey left the area and Inmate Griffis, whom Defendant claims witnessed the incident and heard Plaintiff say that he had put 90 pounds into the tire, was behind a canvas wall, 40 feet away, at a welding table. Plaintiff put 55 pounds into the tire and when it did not seal he asked Inmate Frey how much air pressure should be used and Frey said to look on the side of the tire, which they did, and it said 90 pounds. Plaintiff pondered to Frey why they were not using a regular wheel barrow tire, and Frey responded that "inside grounds" wanted to use a heavy duty tire so they would not have to keep fixing it. Plaintiff applied more air and it exploded. According to Plaintiff, there were no witnesses at the site, but after the explosion they came running over to where the accident occurred. Plaintiff believes that the rim exploded because Defendant told him to leave the old tube in the tire.

**No. 4:07cv25-WS/AK**

b)      Inmate Grievance Appeal dated April 19, 2007

Plaintiff appeals to the Secretary complaining that he was injured on December 1, 2006, because of Defendant's bad judgment and he refers to "two other informal grievances to the Assistant Warden and Warden at Franklin Correctional Institution and not herd [sic] from either of them."

The appeal was logged on April 26, 2007, and signed by an unidentified officer.

**V.    Analysis**

a)      Work safety

Prison work assignments are considered conditions of confinement subject to scrutiny under the Eighth Amendment. Smalls v. Barrios, 2007 WL 1827465 (N. D. Fla); Lee v. Sikes, 870 F. Supp. 1096, 1099 (S.D. Ga. 1994) *citing* Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993). To establish an Eighth Amendment violation based on prison workplace conditions, inmates must show deliberate indifference. Lee, 870 F. Supp. at 1099; *see also* Farmer v. Brennan, 511 U.S. 825 (1994). To prove deliberate indifference to a substantial risk of serious harm, a plaintiff must submit evidence of (1) a substantial risk of serious harm; (2) the defendant's deliberate indifference to that risk; and (3) causation. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11 Cir. 1995). In the work assignment context, prison officials are deliberately indifferent when they "knowingly compel convicts to perform physical labor which is beyond their strength, or which constitutes a danger to their lives or health, or which is unduly painful." Ray v. Mabry, 556 F.2d 881, 882 (8th Cir. 1977); Smalls, supra at 6; Terrill v. Bertussi, 2005 WL 3277990 (W.D. Mich.).

**No. 4:07cv25-WS/AK**

Knowledge of the risk of serious harm may be inferred from circumstances such as the obviousness of the situation confronting the officer.  Hope v. Pelzer, 536 us 730 (2002). Mere knowledge by the official of unsafe conditions does not establish deliberate indifference, the Eighth Amendment does not "outlaw cruel and unusual 'conditions,' it outlaws cruel and unusual punishments."  Terrill, at 3.  Thus, in order to show deliberate indifference, the Plaintiff must show that the officer with knowledge of the unsafe conditions, knowingly or recklessly declined to take actions that would have improved the conditions.  Lemarca v. Turner, 995 F.2d 1526, 1535 (11th Cir. 1993).

Deliberate indifference has **not** been shown where the officer failed to properly instruct an inmate or provide certain safety equipment.  See Terrill, supra (officers not deliberately indifferent in having inmate afraid of heights work a scaffold); Stephens v. Johnson, 83 F.3d 198, 200 (8th Cir. 1996)(failure to provide steel-toed boots and other equipment was negligent only); Arnold v. South Carolina Dept. Of Corrections, 843 F. Supp. 110, 111 (D.S.C. 1994)(kitchen supervisor not deliberately indifferent when he failed to repair large boiling pot that tipped and burned inmate, despite his knowledge that pot needed to be repaired); Warren v. State of Missouri, 995 F.2d 130 (8th Cir. 1993)(failure to provide safety equipment on saw, even with knowledge of prior accidents, not deliberate indifference); Bibbs v. Armontrout, 943 F.2d 26 (8th Cir. 1991)(failure to repair safety guards negligence only); Franklin v. Kansas Dept. Of Corrections, 160 Fed. Appx. 730, 736 (10th Cir. 2005)(failure to instruct inmate on proper lifting techniques not deliberate

**No. 4:07cv25-WS/AK**

indifference); Lee, supra (failure to train inmate on working with hogs, whose vicious tendencies were known to prison officials, was negligence, not deliberate indifference).

However, when a prison official knowingly compels a prisoner to perform work, which the official knows involves an imminent risk of serious physical harm, deliberate indifference has been found to exist.  See Gill v. Mooney, 824 F.2d 192 (2nd Cir. 1987)(officer forced inmate to work with defective ladder, which officer knew to be defective); Morgan v. Morensen, 465 F.3d 1041 (9th Cir. 2006)officer knew printing press was defective, had been warned it was dangerous, yet ordered inmate to continue operating it); Ambrose v. Young, 474 F.3d 1070, 1078 (8th Cir. 2007)(officer directed inmate to put fire out near downed power lines, which court ruled was obvious risk of harm); Hall v. Bennett, 379 f.3d 462, 464-465 (7th Cir. 2004)(genuine issue of material fact existed where supervisors did not provide protective gloves to inmate working with live electrical wires).

The present case falls somewhere in the middle of the factual scenarios presented supra.  Plaintiff claims that Defendant not only failed to instruct him on the tire repair, he allegedly misrepresented the facts about the type of tire, the amount of pressure that could be used, and knowingly left a tube in the rim, which would obviously affect the ability to seal the tire to the rim.  If the facts as alleged by Plaintiff are true, then Plaintiff applied the amount of air pressure the tire indicated would be necessary, but because Defendant ordered him to use a tire not made to be used on the rim in question and directed Plaintiff to leave a tube in the rim, the

**No. 4:07cv25-WS/AK**

tire exploded. These facts are in dispute and constitute material facts which preclude entry of summary judgment.

    b)    <u>Exhaustion</u>

The language in the affidavit submitted to support Defendant's contention that Plaintiff failed to exhaust his administrative remedies is curiously evasive. Ms. Padgham states, "I determined that inmate Gilkerson did not file an appeal to Central Office around December 1, 2006 regarding an accident." Ms. Padgham does not state unequivocally that no appeal was ever filed, nor does she address informal or formal grievances, which Plaintiff contends were filed first. Someone logged in the appeal attached to Plaintiff's response dated April 19, 2007, but apparently this appeal was not in Plaintiff's file or was not addressed by Ms. Padgham for some reason. Taking her affidavit literally, she only attests that no appeal was filed around December 1, 2006, leaving the possibility open that informal grievances concerning the accident were filed and perhaps an appeal was filed later.

The DOC was clearly on notice of the incident, having prepared an incident report and conducted an investigation, thus, satisfying the primary purposes of the grievance procedures, which are to allow for administrative settlement of inmate grievances, improve lines of communication, and provide a written record in the event of subsequent judicial review. (Doc. 46, p. 11-12). <u>See</u> <u>also</u> <u>Woodford v. Ngo</u>, 126 S.Ct. 2378, 2382 (2006).

**No. 4:07cv25-WS/AK**

In light of the equivocal statements by Ms. Padgham regarding this issue and Plaintiff's evidence to the contrary, the Court finds that Plaintiff has sufficiently shown exhaustion to go forward with the merits of this case.

c)   <u>Qualified Immunity</u>

As the case law cited and discussed <u>supra</u> shows, if Defendant knowingly compelled Plaintiff to perform a work task which was a danger to his well being, this violated a clearly established right of which a reasonable person would have known. <u>See</u> <u>Hope v. Pelzer</u>, 536 U.S. 730, 739 (2002).  Qualified immunity would not shield Defendant, accepting Plaintiff's version of the facts.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion for Summary Judgment (doc. 46) be **DENIED**, and this cause should be remanded to the undersigned for further proceedings.

**IN CHAMBERS** at Gainesville, Florida, this  **30th** day of July, 2008.

                                                                  *s/ A. KORNBLUM*
                                                                  **ALLAN KORNBLUM**
                                                                  **UNITED STATES MAGISTRATE JUDGE**

<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 4:07cv25-WS/AK**